ROBERT MICHAEL CHRISTOPHEL,

        Petitioner,

v.                                                    Case No. 22-cv-0051-bhl

DYLON RADTKE,

        Respondent.

# SCREENING ORDER

On January 14, 2022, petitioner Robert Michael Christophel, a state prisoner currently incarcerated at Green Bay Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) On February 15, 2022, Christophel paid the $5.00 filing fee.

Rule 4 of the Rules Governing §2254 Cases requires the Court to screen Christophel's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been properly exhausted in state court.

Christophel was convicted of one count of first-degree intentional homicide and one count of burglary in Milwaukee County Circuit Court and is currently serving a life sentence. (ECF No. 1 at 2.) He challenged his conviction in state court by filing both a direct appeal and a postconviction motion with the Wisconsin Court of Appeals. The direct appeal was dismissed without prejudice, and the Court of Appeals denied the postconviction motion and affirmed Christophel's sentence. *State v. Robert Michael Christophel*, WISCONSIN COURT SYSTEM SUPREME COURT AND COURT OF APPEALS ACCESS, https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2015AP000593&cacheId=E38D642B81B

30AA64BA989D4A96C1C7C&recordCount=5&offset=1&linkOnlyToForm=false&sortDirection=DESC (last visited Apr. 8, 2022); *State v. Robert Michael Christophel*, WISCONSIN COURT SYSTEM SUPREME COURT AND COURT OF APPEALS ACCESS, https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2018AP000740&cacheId=E38D642B81B30AA64BA989D4A96C1C7C&recordCount=5&offset=0&linkOnlyToForm=false&sortDirection=DESC (last visited Apr. 8, 2022). The record shows that Christophel never attempted to appeal either Court of Appeals' decision to the Wisconsin Supreme Court.

Under 28 U.S.C. Section 2254(b)(1)(A), a federal court cannot grant habeas relief unless the petitioner has exhausted the available state court remedies. "In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). "Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petition to litigate his or her claims in federal court." *Id.* at 93 (internal citations omitted). Instead, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

In this case, Christophel's habeas petition asserts two grounds for relief: (1) trial counsel was ineffective for failing to introduce evidence of Christophel's mental health problems; and (2) trial counsel was ineffective for failing to call Christophel's uncle who would have testified that Christophel's apparent lack of remorse was a side-effect of his medications, which would have lessened his sentence. Both grounds were raised before the Wisconsin Court of Appeals, but neither was ever presented in a petition to the Wisconsin Supreme Court. "Under Wis. Stat. § 808.10(1), a decision of the Wisconsin Court of Appeals is reviewable by the Wisconsin Supreme Court only upon a petition for review granted by the Wisconsin Supreme Court, and the petition must be filed in the Wisconsin Supreme Court within thirty days of the date of the decision of the Wisconsin Court of Appeals." *Grady v. Cooper*, 511 F. Supp. 3d 918, 929-30 (E.D. Wis. 2021). The thirty-day timeframe for appeal has long since elapsed. Accordingly, the Court cannot consider Christophel's claims unless he can demonstrate cause and prejudice for his default or

show that the court's failure to consider his claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"Cause for a default is ordinarily established by showing that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (citing *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)). "Prejudice is established by showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (emphasis in original). Alternatively, the miscarriage of justice exception requires the petitioner to "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026 (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)).

Christophel's petition does not appear to identify any external impediment that prevented him from appealing the Wisconsin Court of Appeals' decision, nor does it suggest that he was actually innocent of the offenses for which he was convicted. Because procedural default is an affirmative defense, Christophel was not required to plead around it in his petition. *See Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004). Accordingly, the Court will allow Christophel an opportunity to establish that an exception applies to forgive his apparent default. Christophel must show either: (1) cause to explain his failure to properly appeal his defaulted claims to the Wisconsin Supreme Court, as well as (2) how the default worked to his actual and substantial disadvantage; or (3) that a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the offenses of which he was convicted. If his response does not sufficiently demonstrate either cause and prejudice or a miscarriage of justice, the Court will dismiss his petition.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Robert M. Christophel must file a document showing cause why his petition should not be dismissed as barred by the doctrine of procedural default. Christophel must file that document on or before **May 16, 2022**. If Christophel cannot establish cause and prejudice or a miscarriage of justice, or if he does not file the document showing cause by the May 16, 2022 deadline, the Court will dismiss the petition.

Dated at Milwaukee, Wisconsin on April 12, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge